In the Matter of the Application of the ATTORNEY-GENERAL for Leave to Bring an Action against THE ULSTER AND DELAWARE RAILROAD COMPANY.

*Application by the attorney-general for leave to bring an action against a corporation to vacate its charter — section 1798 of the Code of Civil Procedure vests him with the administrative duty of determining whether the public interests are to be served by instituting it — the court will not determine the merits, upon an appeal from an order granting him leave to do so.*

Upon the hearing of an appeal from an order granting leave to the attorney-general to bring an action against the Ulster and Delaware Railroad Company, which had purchased the railroad property and franchise of the original Rondout and Oswego Railroad Company, to vacate its charter upon the ground of its failure to finish the road of the said Rondout and Oswego Company, and put it in operation in ten years from the filing of its articles of association, the counsel for the railroad company urged that by its purchase of the said railroad property and franchises the defendant did not thereby succeed to the liability of the latter company to dissolution or forfeiture in case it should fail to finish the road.

*Held,* that the attorney-general, in bringing such an action, under the power con-ferred upon him so to do by section 1798 of the Code of Civil Procedure, represented the People of the State, and that the policy of the law is to vest him with the administrative duty of determining whether the public interests are to be served by instituting such an action.

That the court is not to inquire whether the bringing of an action is a wise administrative act, but rather whether the attorney-general alleges against the corporation a *prima facie* case, or a case of such gravity as that it seems proper that the court should determine it upon a trial.

That the court would withhold leave in cases plainly frivolous, or where it was obvious upon inspection of the application that none of the statutory grounds existed.

*People v. Boston, Hoosac Tunnel and Western Railroad Company* (27 Hun, 528) followed.

That, while the court admitted that the reasons adduced by the counsel for the railroad were entitled to a careful consideration, the order should in this case be affirmed.

APPEAL from an order made at Special Term granting leave to the attorney-general to bring an action against the defendant, a railroad corporation, entered in the Albany county clerk's office on October 4, 1888.

*John E. Burrill*, for the appellant.

*E. Countryman*, for the respondent.

LANDON, J.:

The learned counsel for the appellant urges that the Ulster and Delaware Railroad Company, by its purchase of the railroad property and franchises of the original Rondout and Oswego Railroad Company, did not thereby succeed to the liability of the latter company to dissolution or forfeiture of its charter because of its failure to "finish its road and put it in operation in ten years from the time of the filing its articles of association," as required by the forty-seventh section of the general railroad act of 1850. We admit that the reasons adduced are entitled to careful consideration. The one thousand seven hundred and ninety-eighth section of the Code of Civil Procedure confers upon the attorney-general,, "upon leave granted," power to bring an action against a corporation to vacate its charter upon the ground that it has omitted to do certain acts which the laws require, or has done certain acts which the laws forbid.

In bringing such an action the attorney-general represents the people of the State, and it is undoubtedly the policy of the law to vest him with the administrative duty of determining whether the public interests are to be served by instituting such an action. He is to do it "upon leave granted," and the judicial duty of granting leave rests with the court. The court is not to inquire whether the bringing of the action is a wise administrative act, but rather whether the attorney-general alleges against the corporation a *prima facie* case, or a case of such gravity that it seems proper that the court should determine it upon a trial. The court should withhold leave in cases plainly frivolous or where it is obvious, upon

inspection of the application, that none of the statutory grounds exist. We held, in *People* v. *Boston, Hoosac Tunnel & Western Railroad Company* (27 Hun, 528), that we would not try the merits upon such an appeal. The learned judge, at Special Term, was impressed with the conviction that the question involved is of sufficient importance to justify the people in submitting their case to the court. In this view we concur.

The order is affirmed, with ten dollars costs and printing disbursements.

LEARNED, P. J.; INGALLS, J., concurred.

Order affirmed, with ten dollars costs and printing disbursements.